1

2

3

4

5                  UNITED STATES DISTRICT COURT

6             EASTERN DISTRICT OF WASHINGTON

7 | UNITED STATES OF AMERICA,

8                   Plaintiff,

9     v.

10 | KING MOUNTAIN TOBACCO COMPANY, INC.,

11                  Defendant.

NO: 2:12-CV-3089-RMP

ORDER DENYING DEFENDANT KING MOUNTAIN'S MOTION FOR RECONSIDERATION

12

13       Before the Court is Defendant King Mountain Co.'s Motion for

14 Reconsideration of Order Granting United States' Renewed Motion for Summary

15 Judgment. **ECF No. 88**. The motion was heard without oral argument on October

16 9, 2014. The Court has reviewed the motion, the United States' response, ECF No.

17 90, the reply memorandum, ECF No. 91, all relevant filings, and is fully informed.

18                       **BACKGROUND**

19       The United States filed a complaint against Defendant King Mountain Co.

20 (hereinafter "King Mountain") on July 6, 2012, alleging that King Mountain had

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR RECONSIDERATION ~ 1

failed to pay certain federal tobacco excise taxes from 2009 to 2011, totaling over $23 million, and seeking a judgment to that effect.  ECF No. 1.  King Mountain answered the complaint and asserted several affirmative defenses.  ECF No. 6.  Subsequently, the United States filed a Motion for Summary Judgment based on several issues.  ECF No. 48.  The Court granted the United States' Motion for Summary Judgment as to all of King Mountain's substantive defenses and determined that King Mountain is liable for federal tobacco taxes owed, ECF No. 62, but reserved ruling on the amount of assessments owed to enable King Mountain to obtain additional discovery.  ECF No. 53.

In April 2014, the United States filed a renewed Motion for SummaryJudgment as to the amount of unpaid federal tobacco excise taxes owed by King Mountain.  ECF No. 70.  In doing so, the United States incorporated by reference their argument presentedin the original Motion for Summary Judgment, ECF No. 48.  In response, King Mountain both argued that a genuine issue of material fact remained as to the precise amounts owed, ECF No. 74 at 3-4, and raised several new defenses to payment, ECF No. 74 at 5-20.

As one newly-raised defense, King Mountain argued that it was exempt from paying excise taxes because the failure to pay such taxes could result in forfeiture of allotment land.  ECF No. 74 at 15-20.  King Mountain argued that 26 U.S.C. § 5763 applied to enable the United States to seize allotment land to satisfy

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR RECONSIDERATION ~ 2

the judgment.  ECF No. 74 at 15-20.  King Mountain's argument primarily focused on 26 U.S.C. § 5763(c), which provides for the forfeiture of the building where the tobacco products were manufactured "and the lot or tract of ground on which the building is located."  ECF No. 74 at 16-17.  However, King Mountain also argued that 26 U.S.C. § 5763(d) applied to mandate forfeiture of allotment land.  ECF No. 74 at 17.

The Court heard oral argument on the motion, and issued an Order granting summary judgment.  ECF No. 87.  The Court held that 26 U.S.C. § 5763(c) only applies to "manufacturers or importers of tobacco products . . . who manufacture or import tobacco products without filing the necessary bond or obtaining the required permit."  ECF No. 87 at 17.  Because King Mountain had obtained the required permit and posted a surety bond, 26 U.S.C. § 5763(c) did not apply to their failure to pay the excess tax, and thus could not result in forfeiture of allotment land.  ECF No. 87 at 17.  The Court did not address specifically whether 26 U.S.C. § 5763(d) applied to forfeiture of allotment land.

King Mountain filed a motion to reconsider the Court's order granting summary judgment because the Court did not expressly address whether 26 U.S.C. § 5763(d) applied.

1

**DISCUSSION**

2

**A. Standard for a Motion to Reconsider**

3          The Court treats a motion for reconsideration that is filed within twenty-

4    eight days of the issuance of a Court order as a motion to alter or amend judgment

5    under Federal Rule of Civil Procedure 59(e).  *See Am. Ironworks & Erectors, Inc.*

6    *v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (applying Rule 59(e)'s

7    previous ten-day filing limit).  The Court's Order Granting United States'

8    Renewed Motion for Summary Judgment, ECF No. 87, was filed on August 28,

9    2014.  King Mountain filed their Motion for Reconsideration, ECF No. 88, on

10   September 9, 2014, and therefore the motion is timely.

11          A court may have discretion to reconsider a prior ruling if the first decision

12   was clearly erroneous, an intervening change in the law has occurred, the evidence

13   on remand is substantially different, other changed circumstances exist, or a

14   manifest injustice would otherwise result.  *Thomas v. Bible*, 983 F.2d 152, 155 (9th

15   Cir. 1993).  The Court finds that if it does not substantively address King

16   Mountain's argument whether 26 U.S.C. § 5763(d) applies to mandate forfeiture of

17   allotment land, manifest injustice arguably may result.  Therefore, the Court will

18   reconsider its Order granting summary judgment on that basis.

19

20

**B. Standard for Granting Summary Judgment**

Summary judgment is appropriate where the moving party establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the moving party demonstrates the absence of a genuine issue of material fact, the burden then shifts to the non-moving party to set out specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

The evidence presented by both the moving and non-moving parties must be admissible. Fed. R. Civ. P. 56(e). Evidence that may be relied upon at the summary judgment stage includes "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, [and] interrogatory answers . . . ." Fed. R. Civ. P. 56(c)(1)(A). The court will not presume missing facts, and non-specific facts in affidavits are not sufficient to support or undermine a claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). In evaluating a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party. *Dzung Chu v. Oracle*

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR RECONSIDERATION ~ 5

1    *Corp. (In re Oracle Corp. Secs. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

2    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

3    **C. Analysis**

4         Chapter 52 of Title 26 of the United States Code governs excise taxes on

5    tobacco products, cigarette papers, and tubes. Section 5763(d) of that chapter

6    provides for forfeiture of "all property intended for use in violating the provisions

7    of this chapter, or regulations thereunder, or which has been so used . . . as

8    provided in section 7302." 26 U.S.C. § 5763(d). Section 7302 states that it is

9    "unlawful to have or possess any property intended for use in violating the internal

10    revenue laws . . . or which has been so used, and no property rights shall exist in

11    any such property." 26 U.S.C. § 7302.

12         King Mountain argues that these provisions threaten forfeiture of Mr.

13    Wheeler's allotment land because the land was "used" to violate the internal

14    revenue laws when King Mountain failed to pay its excise taxes. ECF No. 88 at 3-

15    4. King Mountain further contends that under *Squire v. Capoeman*, 351 U.S. 1

16    (1956), this threat of forfeiture causes the allotment land to "no longer be adequate

17    to [Mr. Wheeler's] needs and serve the purpose of bringing him finally to a state of

18    competency and independence" as intended. ECF No. 88 at 4 (citing *Capoeman*,

19    351 U.S. at 10). Therefore, King Mountain argues that the possible threat of

20    forfeiture should relieve King Mountain of its obligation to pay excise taxes.

The United States makes four arguments in opposition.  First, forfeiture under §§ 5763 and 7302 may only occur if the owner of the property is "significantly involved in a criminal enterprise."  ECF No. 90 at 5 (citing *United States v. United States Coin and Currency*, 401 U.S. 715, 721-22 (1971)).  Second, the United States argues that "arguably, given that the subject land is held in trust for Mr. Wheeler by the Bureau of Indian Affairs, no forfeiture could occur . . . ." ECF No. 90 at 6.  Third, the United States argues that the current IRS policy is not to assert tax liens against land held in trust for individual Indians because the IRS does not consider allotment land to be "property" belonging to the Indian.  ECF No. 90 at 6.  Fourth, the United States argues that even if Mr. Wheeler's land could be forfeited to the Government, implying a tax exemption would be contrary to public policy.  ECF No. 90 at 7.

The Court will focus its analysis on whether §§ 5763 and 7302 require the property owner to be significantly involved in a criminal enterprise as a prerequisite to the forfeiture of property used to violate the internal revenue laws.

Supreme Court and Ninth Circuit precedent indicates that a property owner need not be significantly involved in a criminal enterprise in order to be subject to forfeiture under § 7302.  Although the United States cites to *United States v. United States Coin and Currency*, 401 U.S. 715, 723 (1971), for the principle that forfeiture may not occur under § 7302 unless the property owner was significantly

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR
RECONSIDERATION ~ 7

involved in a criminal enterprise, the Supreme Court has since discounted this interpretation. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974). The Supreme Court stated in *Calero-Toledo v Pearson Yacht Leasing Co*, that *Coin and Currency* "did not overrule prior decisions that sustained application to innocents of forfeiture statutes . . . not limited in application to persons significantly involved in a criminal enterprise." *Calero-Toledo*, 416 U.S. at 688. Courts preceding and succeeding *Coin and Currency* have permitted forfeiture without regard to a property owner's guilt or innocence. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974) (recognizing only a narrow exception permitting an innocent owner defense where the subject property was taken from the owner without her permission); *United States v. Bride*, 308 F.2d 470 (9th Cir. 1962) (finding that the innocence of the owner is no defense to a forfeiture proceeding, as the proceeding is in rem against the forfeited vehicle); United States v. 1,679 Firearms, No. CV 06-5014-PJW, 2009 WL 3233518, at *3 (C.D.Cal. Sept. 30, 2009) (stating that "[f]orfeitability is not dependent on the culpability of the claimant," but finding the relevant statute included an innocent owner defense provision).

However, none of these cases permitting forfeiture under § 7302 dealt with Indian tribes or allotment lands, which the Court finds significant. Nor is the Court aware of any authority permitting the forfeiture of allotment land under any

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR
RECONSIDERATION ~ 8

statute.[1]  Moreover, the Court knows of no caselaw applying § 7302 to forfeitures of real property, as opposed to personal property, even real property belonging to non-Indians.

King Mountain argues that ambiguity in the law warrants exempting them from paying excise taxes.  The Court does not find this persuasive.  It is noteworthy that in the *Capoeman* case, in which the Supreme Court held that the plaintiffs were exempt from paying income taxes on income derived from the land, the plaintiffs themselves were the allotment holders; they were not leasing the land from another allotment holder.  It is questionable whether the Supreme Court would have reached the same result had the plaintiffs sought to avoid paying income taxes for income derived from someone else's allotment land.  *See United States v. Anderson*, 625 F.2d 910 (9th Cir. 1980) (holding that there is no tax exemption for the income a Indian derives from other Indians' allotment land, or his tribe's trust land).

In any event, Chapter 75 of Title 26 of the United States Code, which governs forfeitures under the Internal Revenue Code, enables the Secretary of the Treasury to provide relief from forfeiture if a party can show innocence or mitigating circumstances:  "[t]he provisions of the law applicable to the remission or mitigation by the Secretary of forfeitures under the customs laws shall apply to

---

[1] The Court knows of no federal case law authority interpreting § 5763.

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR RECONSIDERATION ~ 9

forfeitures incurred or alleged to have been incurred under the internal revenue

laws." 26 U.S.C. § 7327. The provision of the law providing for mitigation by the

Secretary in customs cases is 19 U.S.C. 1618 and states in relevant part:

> Whenever any person . . . who has incurred . . . any fine or penalty thereunder, files with the Secretary of the Treasury . . . before the sale of such [property] for the remission or mitigation of such . . . forfeiture, the Secretary of the Treasury . . . if he finds that such . . . forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such . . . forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or discontinuance of any prosecution relating thereto.

19 U.S.C. § 1618.

There has been no finding in this case that King Mountain has acted

with "willful negligence" or with the intent to "defraud the revenue or to

violate the law." In support of their position in this case, King Mountain has

argued that they relied on advice of counsel, ECF No. 74, and presented the

argument that their challenging the imposition of excise tax was lawful,

which directly refutes "willful negligence" or intent to "defraud." In the

unlikely event that the IRS were to seek a forfeiture of Mr. Wheeler's

allotment land, Mr. Wheeler could request relief from the Secretary of the

Treasury.

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR
RECONSIDERATION ~ 10

1    The Court finds that there is no genuine issue of material fact as to

2    whether the potential threat of forfeiture under 26 U.S.C. §§ 5763(d)

3    and7302 warrants exempting King Mountain from paying excise taxes.  The

4    prospect of forfeiture of the allotment land is too speculative for this Court

5    to find that King Mountain should be exempt from paying excise taxes.

6        Accordingly, **IT IS HEREBY ORDERED** that Defendant King Mountain

7    Co.'s Motion for Reconsideration of Order Granting United States' Renewed

8    Motion for Summary Judgment, **ECF No. 88**, is **DENIED.**

9        The District Court Clerk is directed to enter this Order and to provide copies

10   to counsel.

11       **DATED** this 18th day of November 2014.

12

13                    *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON
14                   Chief United States District Court Judge

15

16

17

18

19

20

ORDER REGARDING DEFENDANT KING MOUNTAIN'S MOTION FOR
RECONSIDERATION ~ 11